UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TREVOR JAMES SULLIVAN,

    Plaintiff,

v.                                                         Case No. 3:24cv441-TKW-HTC

PHILLIP SMITH, et al.,

    Defendants.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff Trevor James Sullivan, proceeding *pro se*, initiated this action on or around September 16, 2024, by filing a handwritten civil rights complaint under 42 U.S.C. § 1983. Doc. 1. The complaint was not on the Court's required form, and it was not accompanied by either the $405 filing fee or a motion to proceed *in forma pauperis*. Thus, on September 17, the Court ordered Sullivan to correct those deficiencies by October 8 and informed him a complete application to proceed *in forma pauperis* includes: (1) a motion; (2) an affidavit; (3) a consent form signed by Sullivan; (4) a financial certificate signed by an authorized prison official; and (5) a printout of the transactions in Sullivan's inmate trust account for the six months preceding the filing of the complaint. Doc. 3.

Sullivan did not comply with the September 17 Order by October 8. The Court, therefore, ordered him on October 15 to show cause within fourteen days why this case should not be dismissed. Doc. 4. Sullivan subsequently filed a letter stating he did not receive the September 17 Order. Doc. 5. The Court construed the letter as a motion for extension of time, granted it, sent Sullivan a copy of the September 17 Order, and extended the deadline for him to comply to November 19, 2024. Doc. 6.

On or around November 15, Sullivan submitted an amended complaint, Doc. 7, and a motion to proceed *in forma pauperis*, Doc. 8. However, the motion was deficient because it did not include a 6-month account statement. Thus, the Court deferred ruling on the motion, told Sullivan to submit the account statement by December 9, and warned him that his failure to do so would result in a recommendation that this case be dismissed.

Nevertheless, to date, Sullivan has not submitted the 6-month account statement or otherwise communicated with the Court. In addition, the Santa Rosa County Jail's website[1] shows Sullivan was released from custody on December 3, 2024. Despite repeatedly ordering Sullivan to, within seven days, inform the Court of any changes to his address, Docs. 3, 4, 6, 9, he has not done so. Based on the foregoing, dismissal of this case is appropriate. *See Brown v. Tallahassee Police*

---

[1] http://jailview.srso.net/SmartWebClient/jail.aspx

*Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted).

Accordingly, it is ORDERED:

1. The Clerk shall mail a courtesy copy of this Report and Recommendation to Sullivan at 6255 Brigadier Road, Milton, Florida 32570.

And it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to Sullivan's failure to comply with Court orders.

2. That the Clerk close the file.

At Pensacola, Florida, this 16th day of December, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.